■ Parvis Neydavood et al., Respondents, v James Zorzy et al., Appellants.—In an action, *inter alia,* to recover damages for breach of contract and fraud, the defendants appeal from (1) an order of the Supreme Court, Queens County (Miller, J.), dated December 24, 1985, which denied their cross motion to dismiss the complaint, granted the plaintiffs' motion for summary judgment, and directed an assessment of compensatory and punitive damages, and (2) an order of the same court, dated December 12, 1985, which denied their motion for reargument.

Ordered that the appeal from the order dated December 12, 1985 is dismissed, without costs or disbursements, on the ground that no appeal lies from an order denying reargument, and it is further

Ordered that the order dated December 24, 1985 is modified, on the law, by deleting (1) the provisions thereof granting those branches of the plaintiffs' motion which were for summary judgment on the second cause of action sounding in fraud, and on the first cause of action, sounding in breach of contract and breach of warranty, insofar as that cause of action is asserted against James Zorzy, Helen Zorzy, Alan J. Sanders and Michael D. Solomon, doing business as Sanders and Solomon and (2) the provision thereof which denied that branch of the defendants' cross motion which was for dismissal of the complaint insofar as it is asserted against James Zorzy, Helen Zorzy and Alan J. Sanders and Michael D. Solomon, doing business as Sanders and Solomon, and substituting therefor provisions denying those branches of the motion and granting that branch of the cross motion. As so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for an assessment of damages as to the first cause of action insofar as it is asserted against Stepet Card & Gift Shop, Inc.

The plaintiffs' verified complaint sets forth two causes of action to recover damages (1) for breach of contract and warranty and (2) for fraud. The plaintiff Parvis Neydavood, as purchaser, entered into a contract with the defendant Stepet Card & Gift Shop, Inc. (hereinafter Stepet), as seller, dated April 25, 1984, for the sale of a card and gift shop business owned by Stepet. The defendant James Zorzy executed an affidavit representing, among other things, that there were no actions pending against Stepet. The defendants Sanders and Solomon provided legal representation to Stepet and the Zorzys with regard to the contract of sale.

Of the $115,000 total consideration for the sale of the business, $80,000 was allocated to the leasehold interest of the subject store. Stepet had entered into the lease in January 1982 with Stanley and Mary Matejka, owners of the premises. In January 1983 the Matejkas served upon the Zorzys and Stepet a notice of termination of the lease. Subsequently, Stepet commenced an action in Supreme Court, Queens County, seeking a declaration that a valid lease existed between the parties. Following a nonjury trial, Trial Term granted the relief prayed for. However, the landlord then filed a notice of appeal from the judgment entered after trial. That appeal was pending on April 25, 1984, when the subject contract to sell the gift store was consummated. The appeal was perfected in June 1984 for the September 1984 term, and this court affirmed Trial Term's findings in *Stepet Card & Gift v Matejka* (106 AD2d 565). The Matejkas' respective motions for leave to appeal to the Court of Appeals were denied by this court and the Court of Appeals *(Stepet Card & Gift v Matejka,* 65 NY2d 608).

Prior to the Court of Appeals denial of the motion for leave to appeal, the plaintiffs in this case moved for summary judgment as to both causes of action in the complaint. In support of the motion, the plaintiff Neydavood submitted that Stepet violated the following provision of the contract of sale:

"3. The Seller [Stepet] warrants and represents the following:

"a) That the aforementioned major lease and sublease are in full force and effect, that no notices have been served by the landlord alleging any violation of the said lease, that the Seller has performed all the terms, covenants and conditions thereof, and that there are no actions pending affecting the major lease or sublease or the Seller's possession of the premises".

Also, the defendant James Zorzy had executed an affidavit at the closing that provided, *inter alia,* "that there are no actions pending against the corporation [Stepet] in any Court."

The plaintiffs allege that they would not have purchased the store but for the above representations insuring them a valid leasehold. In opposition to the motion, the defendant James Zorzy asserted that Neydavood's reliance on the factual statements contained in the above representation was unjustified. To support this condition, Zorzy stated that he orally informed Neydavood as to the pending appeal concerning the declara-

tory judgment action. Although its memorandum decision does not separately discuss the breach of warranty and fraud actions, Special Term concluded that the defendants "clearly misrepresented that there was no action pending" affecting the underlying lease, granted the plaintiffs' motion for summary judgment, apparently as to both causes of action, and directed an assessment of compensatory as well as punitive damages.

Initially, Special Term correctly held that summary judgment should be granted to the plaintiff Parvis Neydavood on the first cause of action alleging breach of warranty. The representations by Stepet, that "no notices ha[d] been served by the landlord alleging any violation of the said lease" and that no actions were pending affecting the lease, were clearly warranties inasmuch as " '[a] warranty is an assurance by one party to a contract of the existence of a fact upon which the other party may rely' " (*Pittsburgh Coke & Chem. Co. v Bollo,* 421 F Supp 908, 928, *affd* 560 F2d 1089, quoting from *Metropolitan Coal Co. v Howard,* 155 F2d 780, 784). The warranties as to the lease set forth in the contract of sale were patently untrue because: (1) the landlord had served a notice of termination, and (2) a notice of appeal had been filed in a still-pending declaratory judgment action. However, there was no breach of the written representation by defendant James Zorzy in that the plaintiffs failed to establish that there was any action pending against the Stepet corporation. Accordingly, Special Term properly held that Stepet was liable on the first cause of action to recover damages for breach of warranty. However, the defendants James Zorzy, Helen Zorzy, Alan J. Sanders, Michael D. Solomon and Sanders & Solomon are not liable for breach of warranty, and the first cause of action is dismissed as to them.

With respect to the plaintiffs' second cause of action sounding in fraud, we disagree with Special Term's finding that the plaintiffs are entitled to summary judgment. As noted earlier, the parties have submitted affidavits which present triable issues of fact as to the plaintiffs' knowledge of the pending appeal concerning the underlying lease. These issues concern the elements of scienter and reliance with respect to the fraud cause of action. In view of these factual issues, summary judgment should not be granted (*see, Rotuba Extruders v Ceppos,* 46 NY2d 223; *Dal Constr. Corp. v City of New York,* 108 AD2d 892). Finally, since a factual dispute exists as to the plaintiffs' cause of action sounding in fraud, Special Term

erred in directing an assessment of damages. Mollen, P. J., Thompson, Eiber and Spatt, JJ., concur.