■ AT&T INFORMATION SYSTEMS, INC., Formerly Known as AMERICAN BELL, INC., Appellant, v McLEAN BUSINESS SERVICES, INC., Respondent.—Order unanimously affirmed with costs. Memorandum: Defendant leased an automated telephone answering system from plaintiff. Plaintiff was to install and maintain the system. Defendant complained of malfunctions in the system, which caused it to lose customers. Plaintiff sued defendant for lease payments and termination charges. Defendant asserted counterclaims for fraud, negligence and breach of contract seeking compensatory damages for lost customers, destruction of business and breach of warranty and punitive damages on its fraud counterclaim. Plaintiff moved for partial summary judgment dismissing the counterclaims on the grounds that the exclusive remedy provision of the contract barred defendant's claim, that the contract also barred recovery of consequential damages, that punitive damages are inappropriate, that damages for economic loss are not recoverable and that the allegations of fraud are insufficient as a matter of law. Supreme Court properly rejected plaintiff's contentions and denied its motion.

Defendant has made a prima facie showing that the limited repair or replacement remedy in the contract failed of its essential purpose (see, UCC 2-719 [2]; Cayuga Harvester v Allis-Chalmers Corp., 95 AD2d 5, 11-12). The record contains numerous reports and evidence establishing that the system malfunctioned, that plaintiff failed to remedy it and that defendant lost more than 25% of its customers and substantial annual income.

Defendant's counterclaim for fraud is not insufficient as a matter of law. Defendant alleged that plaintiff's misrepresentations knowingly and intentionally deceived defendant into leasing the system. The motion papers raise issues of fact regarding plaintiff's knowledge and defendant's reliance which preclude summary judgment (Neydavood v Zorzy, 123 AD2d 847, 849; Caliendo v Sutherland, 92 AD2d 690). Moreover, the alleged misrepresentations concerned the inherent capacities and characteristics of the system that existed at the time the statements were made (see, Terris v Cummiskey, 11 AD2d 259, 260-261; Bareham & McFarland v Kane, 228 App Div 396, 397-398; cf., Giambrone v Owens, 167 AD2d 841).

If defendant can prevail on its counterclaim for fraud, it may be entitled to punitive damages. Whether plaintiff's conduct was so reprehensible as to warrant such damages *(see, Walker v Sheldon,* 10 NY2d 401, 404) is a question of fact to be determined at trial *(see, Loughry v Lincoln First Bank,* 67 NY2d 369, 379-380; *Nardelli v Stamberg,* 44 NY2d 500, 503).

Defendant may also be entitled to damages for economic loss to the extent its third counterclaim is construed as alleging a cause of action for plaintiff's negligent performance of the contract *(see, Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389, 398; *Rosenbaum v Branster Realty Corp.,* 276 App Div 167, 168). (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Summary Judgment.) Present—Callahan, J. P., Doerr, Green, Pine and Lowery, JJ.