■ ON LING LAM, Respondent, v WING WOH LUNG CO., INC.,

et al., Appellants.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered September 19, 1991, which denied defendants' motion for summary judgment dismissing the complaint or, alternatively, for an order dismissing the second, third and fourth causes of action, and for judgment on defendants' third counterclaim, unanimously affirmed, without costs.

Plaintiff, On Ling Lam ("plaintiff"), brought this action to recover damages for alleged breach of contract and fraud by defendants, Wing Woh Lung Co., Inc., Albert Wu and Lana Chin (collectively "defendants"). Plaintiff is the principal shareholder and president of On Ling Lam, Inc., which corporation executed a lease on or about April 23, 1984, for commercial premises located at 50A Mott Street, New York, New York, with landlord Wing Wah Realty Corp.

On or about June 6, 1984, plaintiff executed a second lease, in her individual capacity, for the same premises, the same term of five years, and at the same monthly rental of $1400, with a different landlord, defendant Wing Woh Lung Co., Inc., which has an affiliation with the landlord Wing Wah Realty Corp. For the period August 1, 1984 through October 1987, plaintiff paid rent under the two leases to each landlord.

At the time of the execution of the leases, plaintiff had recently emigrated from Hong Kong, and spoke little English. Following the signing of the first lease, the corporate lessee, which had paid defendant Lana Chin "key money" in the sum of $30,000 in cash, began renovations and inventory purchases in anticipation of opening and operating a store at the premises. Shortly thereafter, defendant Chin, who is the president of Wing Wah Realty Corp. and a principal officer, shareholder, and director of its affiliate, defendant Wing Woh Lung Co., Inc., allegedly asserted that changes in the New York City Administrative Code had enhanced the rental value of commercial property, and demanded that plaintiff sign the second lease or lose the premises.

We have examined this record and conclude that the IAS court properly exercised its discretion under CPLR 1003 to join plaintiff, who signed the lease on behalf of On Ling Lam, Inc. and is its president and principal shareholder, as a necessary party to this action (see, Schleidt v Stamler, 106 AD2d 264, 265).

We further conclude that defendants are not entitled to summary judgment dismissing the causes of action sounding in fraud, since the record clearly establishes that there exist

material issues of fact regarding the circumstances under which the second lease was executed, particularly with respect to scienter and reliance (see, Neydavood v Zorzy, 123 AD2d 847, 849). Similarly, defendants' third counterclaim, which is based upon an alleged illegal sublet of the premises during a two-month period when plaintiff was hospitalized, is attended by factual conflict requiring resolution at trial. Concur—Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ.