■ RKB ENTERPRISES, INC., Appellant, v ERNST & YOUNG et al., Respondents.—Weiss, P. J. Appeal from an order of the Supreme Court (Ellison, J.), entered July 19, 1991 in Chemung County, which granted defendants' motions to dismiss certain causes of action of the amended complaint.

Plaintiff entered into a contract with defendant Ernst & Young, formerly Ernst & Whinney (hereinafter E & W), to perform computer consulting services in connection with plaintiff's procurement of a new data processing system. E & W analyzed plaintiff's needs, drafted specifications, sought contract proposals from various vendors and recommended the proposal submitted by defendant System Software Associates, Inc. (hereinafter SSA). Plaintiff entered into a series of contracts with SSA for the purchase of computer hardware, licensing of a computer software program and adaptation of the software to meet plaintiff's specific needs. Plaintiff also entered into a contract with E & W in which E & W agreed to help oversee and assist in the implementation of the new data processing system.

After experiencing extensive cost increases and delays resulting from difficulties adapting the computer program and system to its business, plaintiff commenced this action against E & W and SSA alleging breach of contract against both defendants, negligent and reckless rendition of professional computer consulting services (malpractice) by E & W, and negligent, careless and reckless misrepresentation and deliberate fraud against both defendants. Plaintiff also sought punitive damages as part of its fraud cause of action. Defendants separately moved to dismiss all causes of action in the complaint, with the exception of the pure breach of contract claims, for failure to state causes of action. Supreme Court granted the motions on the grounds that plaintiff's claims were essentially varied restatements of its cause of action for breach of contract and did not constitute distinctly separate causes of action, and that punitive damages were not recoverable here. Plaintiff has appealed.

While conceding that a simple breach of contract does not give rise to separate tort claims, plaintiff contends that its allegations of professional malpractice, negligent misrepresentation and fraud are based upon breaches of legal duties extraneous to and distinct from the contract. Initially, it should be noted that there is no cause of action for profes-

sional malpractice in the field of computer consulting *(see, Chatlos Sys. v National Cash Register Corp.,* 479 F Supp 738, 741, n 2, *affd in part, remanded in part* 635 F2d 1081). While computers are relatively new equipment of a complex technical nature critically important to business, we decline to create a new tort applicable to the computer industry. Nor does the fact that E & W was the certified public accountant firm engaged by plaintiff during the same period add a dimension to the computer or management consulting services separate from the subject of plaintiff's breach of contract claim *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389-390). A conventional business relationship does not create a fiduciary relationship in the absence of additional factors, none of which have here been alleged *(see, Feigen v Advance Capital Mgt. Corp.,* 150 AD2d 281, 283, *lv dismissed, lv denied* 74 NY2d 874).

This same lack of a separate relationship distinct from and independent of the contract precludes a claim of negligent misrepresentation *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., supra,* at 389; *Rich v New York Cent. & Hudson Riv. R. R. Co.,* 87 NY 382, 398; *see also, Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 146 AD2d 190, 199, *lv denied* 75 NY2d 702). The allegations of negligence in the complaint merely parallel the breach of contract claim.

Plaintiff's allegations of intentional fraud, however, while also parallel in many respects to the breach of contract claim, do include charges of fraud in the inducement by misrepresentation of a present fact *(see, Deerfield Communications Corp. v Chesebrough-Ponds, Inc.,* 68 NY2d 954) and thus are not merely redundant of the breach of contract claim *(cf., Trusthouse Forte [Garden City] Mgt. v Garden City Hotel,* 106 AD2d 271, 272). A party fraudulently induced to enter into a contract may join a cause of action for fraud with one for breach of the same contract *(see, Deerfield Communications Corp. v Chesebrough-Ponds, Inc., supra,* at 956; *see also, France & Canada S. S. Corp. v Berwind-White Coal Min. Co.,* 229 NY 89, 94; *Apple Records v Capitol Records,* 137 AD2d 50, 55-57; *Warren v Putman,* 263 App Div 474; 60 NY Jur 2d, Fraud and Deceit, §§ 19, 189, at 455-457, 721). Here, plaintiff has alleged that it relied upon the advice and the opinion of defendants and was thereby induced to enter into the contracts, that the inducements made by defendants were deliberately misleading and fraudulent, and that defendants knew plaintiff was relying upon their special knowledge and skill when they rendered their opinions *(see, Pickard & Anderson v Young Men's*

*Christian Assn.,* 119 AD2d 976, 978). Accordingly, it was error to dismiss the portion of the fifth cause of action alleging fraud.

Finally, we find that Supreme Court correctly dismissed plaintiff's claim for punitive damages. Plaintiff has not alleged facts sufficient to demonstrate that defendants' conduct rose to the level of high moral culpability which must be reached to support a claim for punitive damages *(see, Sabol & Rice v Poughkeepsie Galleria Co.,* 175 AD2d 555; *cf., Walker v Sheldon,* 10 NY2d 401). In addition, even were we to assume that defendants did act in a wanton, willful or malicious manner as plaintiff has alleged, these acts would constitute private wrongs for which punitive damages may not be recovered *(see, Barclays Bank v Heady Elec. Co.,* 174 AD2d 963, 966, *lv dismissed* 78 NY2d 1072). Nor does plaintiff seek to vindicate a public right or to deter morally culpable conduct *(see, Quail Ridge Assocs. v Chemical Bank,* 162 AD2d 917, 921, *lv dismissed* 76 NY2d 936; *see also, Halpin v Prudential Ins. Co.,* 48 NY2d 906, 907). We find *AT&T Information Sys. v McLean Business Servs.* (175 AD2d 652) relied upon by plaintiff to be factually distinguishable and not persuasive here.

Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motions dismissing from the fifth cause of action the claim for intentional misrepresentation and fraud; motions regarding said claim denied; and, as so modified, affirmed.