■ DOUGLAS MCLEOD et al., Appellants, v MATTHEW COWLES et al., Respondents. [626 NYS2d 831] —In an action to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated December 9, 1993, as granted the defendants' motion for summary judgment dismissing the complaint as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

In December 1985, the plaintiffs and the defendants entered into a contract in which the defendants agreed to purchase the shares in a cooperative owned by the plaintiffs. Although they executed the agreement, the defendants never made the required down payment. On or about December 30, 1985, the defendants informed the plaintiffs that they were cancelling the contract. On December 13, 1991, the plaintiffs commenced the present action in which they sought damages for breach of contract. Subsequently, the defendants moved, *inter alia,* to dismiss the complaint as time-barred pursuant to UCC 2-725 (1). The Supreme Court granted the motion to dismiss and we now affirm.

"A contract for the sale of a cooperative apartment, in reality a sale of securities in a cooperative corporation, is governed by the Uniform Commercial Code" *(Friedman v Sommer,* 63 NY2d 788, 789; *see also, Weiss v Karch,* 62 NY2d 849, 850). Thus, contrary to the plaintiffs' contention, their action for breach of contract was subject to the four-year Statute of Limitations set forth under UCC 2-725 (1) and not the six-year Statute of Limitations contained at CPLR 213 (2) *(see generally, ALH Prop. Ten v 306-100th St. Owners Corp.,* 191 AD2d 1; *Silverman v Alcoa Plaza Assocs.,* 37 AD2d 166). Accordingly, since the plaintiffs' action was commenced more than four years after their cause of action accrued, the Supreme Court properly granted the defendants' motion to dismiss the complaint as time-barred.

In light of our conclusion herein, we find it unnecessary to reach the plaintiffs' remaining contentions. Mangano, P. J., Miller, Pizzuto and Santucci, JJ., concur.