■ WIT HOLDING CORP., Respondent, v KENNETH KLEIN et al., Appellants, et al., Defendants. [724 NYS2d 66] —In an action, inter alia, to recover damages for fraud, the defendants Kenneth Klein, Paul Wasserman, First Providence Financial

Group, Inc., First Providence Financial Group, L. L. C., and Madison Avenue Associates, L. L. C., appeal from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated January 24, 2000, as denied those branches of their motion which were to dismiss the first, third, fourth, fifth, sixth, and seventh causes of action in the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying the branches of the motion which were to dismiss the third, fourth, and fifth causes of action insofar as asserted against the appellants and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This action arises out of an agreement by the plaintiff to purchase a stock interest in First Providence Financial Group, Inc. (hereinafter FPFG). The plaintiff allegedly paid $500,000 to FPFG and no stock was ever transferred to it. The plaintiff alleges, *inter alia*, that the defendant Kenneth Klein, in order to benefit himself and the defendants FPFG, Paul Wasserman, and Madison Avenue Associates, L. L. C., fraudulently induced it to enter into the agreement.

A cause of action alleging fraud does not lie where the only fraud claim relates to a breach of contract (*see, Non-Linear Trading Co. v Braddis Assocs.*, 243 AD2d 107; *Gordon v De Laurentiis Corp.*, 141 AD2d 435). A present intent to deceive must be alleged and a mere misrepresentation of an intention to perform under the contract is insufficient to allege fraud (*see, Non-Linear Trading Co. v Braddis Assocs., supra*, at 118). Conversely, a misrepresentation of material fact, which is collateral to the contract and serves as an inducement for the contract, is sufficient to sustain a cause of action alleging fraud (*see, Deerfield Communications Corp. v Chesebrough-Ponds Inc.*, 68 NY2d 954; *First Bank v Motor Car Funding*, 257 AD2d 287).

The plaintiff alleges that, during discussions with the plaintiff's president, Michael Weiner, and its treasurer, Kevin Held, Klein made misrepresentations of fact to induce it to enter into an agreement with FPFG. According to the plaintiff, Klein told these representatives that he was a principal shareholder in FPFG when he still owed money to a third person for the purchase of that shareholder interest. Klein also allegedly stated that FPFG was in full compliance with regulatory requirements, when in fact, it needed an infusion of cash to meet them. Accordingly, the Supreme Court properly denied

that branch of the motion which was to dismiss the plaintiff's cause of action sounding in fraud (*see, First Bank v Motor Car Funding, supra*; *RKB Enters. v Ernst & Young,* 182 AD2d 971).

However, the Supreme Court erred in failing to dismiss the cause of action against Klein to recover damages for breach of fiduciary duty. A fiduciary relationship may exist where one party reposes confidence in another and reasonably relies on the other's superior expertise or knowledge (*see, Wiener v Lazard Freres & Co.,* 241 AD2d 114; *Penato v George,* 52 AD2d 939), but an arms-length business relationship does not give rise to a fiduciary obligation (*see, Wiener v Lazard Freres & Co., supra*). In support of its claim that Klein breached a fiduciary duty to it, the plaintiff alleges that Klein, Weiner, and Held had socialized together on several occasions. They were also business acquaintances, and Weiner and Klein had worked together on a joint project while they both were part owners of and working for different brokerage firms. Under these circumstances, where the parties were involved in an arm's-length business transaction involving the transfer of stocks, and where all were sophisticated business people, the plaintiff's cause of action to recover damages for breach of fiduciary duty should have been dismissed (*see, Wiener v Lazard Freres Co., supra*; *Magarian & Co. v Timberland Co.,* 245 AD2d 69, 70). As there is no cause of action to recover damages for breach of fiduciary duty, the plaintiff's cause of action against Wasserman for aiding and abetting a breach of a fiduciary duty should also have been dismissed.

A claim alleging negligent misrepresentation must also be based on some special relationship which implies a close degree of trust between the plaintiff and the defendant (*see, Pappas v Harrow Stores,* 140 AD2d 501). Accordingly, the Supreme Court erred in failing to dismiss this cause of action as well.

The appellants' remaining contentions are without merit. O'Brien, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.