(January 21, 2003)

■ ATKINS NUTRITIONALS, INC., et al., Respondents-Appellants, v ERNST & YOUNG, LLP, Appellant-Respondent, and CAP GEMINI ERNST & YOUNG U.S., LLC, Appellant. [754 NYS2d 320] —In an action, inter alia, to recover damages for breach of contract, the defendant Ernst & Young, LLP, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated December 17, 2001, as denied those branches of its motion pursuant to CPLR 3016 (b) and CPLR 3211 (a) (7) which were to dismiss the plaintiffs' second, fifth, and sixth causes of action insofar as asserted against it and so much of the third cause of action as sought consequential damages, the defendant Cap Gemini Ernst & Young U.S., LLC, separately appeals, as limited by its brief, from so much of the same order as denied those branches of its motion pursuant to CPLR 3016 (b) and CPLR 3211 (a) (7) which were to dismiss so much of the plaintiffs' fourth cause of action as sought consequential damages, and the sixth cause of action insofar as asserted against it, and the plaintiffs cross-appeal from so much of the same order as granted that branch of the motion of the defendant Ernst & Young, LLP, which was to dismiss the first cause of action pursuant to CPLR 3211 (a) (7).

Ordered that the order is modified by (1) deleting the provision thereof denying those branches of the motion of the defendant Ernst & Young, LLP, which were to dismiss the second cause of action, the fifth cause of action, so much of the third

cause of action as sought consequential damages, and so much of the sixth cause of action as sought punitive damages, and substituting therefor a provision granting those branches of the motion, and (2) deleting the provision thereof denying those branches of the motion of the defendant Cap Gemini Ernst & Young U.S., LLC, which were to dismiss the fourth cause of action insofar as it sought consequential damages and the sixth cause of action insofar as asserted against it and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to Cap Gemini Ernst & Young U.S., LLC, payable by the plaintiffs.

The plaintiff Atkins Nutritionals, Inc. (hereinafter Atkins), entered into an agreement with the accounting firm Ernst & Young, LLP (hereinafter E & Y), in which E & Y was to assist Atkins in selecting a computer accounting system for its new distribution center. In April 2000, E & Y recommended that Atkins acquire a computer software system called Cayenta. In May 2000 E & Y sold its consulting services component to Cap Gemini, S.A., and acquired shares in the new entity Cap Gemini Ernst & Young U.S., LLC (hereinafter CGEY).

In June 2000 E & Y recommended that Atkins engage CGEY to oversee implementation of the Cayenta system. Atkins and CGEY entered into such an agreement in August 2000. After numerous problems with the Cayenta system, Atkins and its majority shareholder Dr. Robert Atkins commenced this action against E & Y and CGEY.

The Supreme Court properly dismissed the first cause of action asserted against E & Y, as it alleged a claim to recover damages for malpractice in the selection and implementation of a computer system. E & Y was acting as a computer consultant, and the courts of this state do not recognize a cause of action to recover damages for professional malpractice by computer consultants (*see Richard A. Rosenblatt & Co. v Davidge Data Sys. Corp.*, 295 AD2d 168). Even though E & Y is an accounting firm, it had a conventional business relationship with Atkins with respect to the computer consulting services which did not create a fiduciary relationship independent of the contract (*see RKB Enters. v Ernst & Young,* 182 AD2d 971). The fact that E & Y performed personal accounting services for Dr. Atkins did not give rise to a fiduciary relationship with Atkins, the corporate entity.

The lack of a special relationship distinct from and independent of the contract also precludes the second cause of action against E & Y to recover damages for negligent misrepresenta-

tion (see *WIT Holding Corp. v Klein,* 282 AD2d 527; *Andres v LeRoy Adventures,* 201 AD2d 262; *RKB Enters. v Ernst & Young, supra; cf. Kimmell v Schaefer,* 89 NY2d 257). "It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382, 389). Similarly, an arm's-length business relationship does not give rise to a fiduciary duty. Therefore, the fifth cause of action sounding in breach of a fiduciary duty asserted against E & Y should have been dismissed (see *WIT Holding Corp. v Klein, supra*).

E & Y and CGEY argue that the breach of contract causes of action should be dismissed insofar as the plaintiffs seek consequential damages. In order to recover consequential damages, the plaintiffs were required to plead that those damages were the natural and probable consequences of the breach, and were contemplated at the time the contract was executed (see *Kenford Co. v County of Erie,* 73 NY2d 312; *Rose Lee Mfg. v Chemical Bank,* 186 AD2d 548). As the complaint failed to allege that those damages were within the contemplation of the parties at the time the contract was executed, the claim for consequential damages should be dismissed. Moreover, CGEY's contract with Atkins limited its liability to the fees paid to it, and the contract should be enforced according to its terms (see *Sommer v Federal Signal Corp.,* 79 NY2d 540; *Peluso v Tauscher Cronacher Professional Engrs.,* 270 AD2d 325).

The sixth cause of action to recover damages for fraud should also have been dismissed insofar as it was asserted against CGEY. The claimed fraudulent representations related to CGEY's intention to perform its obligations under the contract and were not designed to induce Atkins to enter into that contract. Therefore, Atkins cannot maintain both a fraud and breach of contract cause of action against CGEY (see *WIT Holding Corp. v Klein, supra; Gordon v De Laurentiis Corp.,* 141 AD2d 435).

The Supreme Court properly denied that branch of the motion of E & Y which was to dismiss the sixth cause of action to recover damages for fraud insofar as asserted against it, as the allegations in the complaint sufficiently state a cause of action for fraud in the inducement (see *WIT Holding Corp. v Klein, supra; RKB Enters. v Ernst & Young, supra*). However, the claim for punitive damages should have been dismissed, as the plaintiffs failed to allege facts sufficient to demonstrate that the conduct of E & Y rose to the level of moral culpability which must be reached to support a claim for punitive damages (see

*Rose Lee Mfg. v Chemical Bank, supra; RKB Enters. v Ernst & Young, supra).* Smith, J.P., O'Brien, Krausman and Rivera, JJ., concur.