■ SANGRO MANAGEMENT CORP., Appellant, v CLINTON HILLS APTS. OWNERS CORP., Respondent. [800 NYS2d 585]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernstein, J.H.O.), dated March 23, 2004, which granted the defendant's motion pursuant to CPLR 3211 (a) (1), (5) and (7) to dismiss the complaint as barred by documentary evidence and as time-barred, and for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The complaint seeks to recover, among other things, damages based on the defendant's alleged breach of a contract to sell shares in a cooperative corporation allegedly entered into after the plaintiff bid for such shares at a public auction. This cause of action is governed by a four-year statute of limitations (see UCC 2-725; *Measom v Greenwich & Perry St. Hous. Corp.*, 227 AD2d 312 [1996]; *McLeod v Cowles,* 215 AD2d 460 [1995]). Thus, the Supreme Court correctly concluded that this cause of action was time-barred.

The plaintiff argues that because the defendant "had no intention of selling the auctioned units to [it] from day one," it asserted a valid, and timely, cause of action sounding in fraud. We disagree. "General allegations that [a] defendant entered into a contract while lacking the intent to perform it are insufficient to support [a fraud] claim" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; see *WIT Holding Corp. v Klein*, 282 AD2d 527 [2001]; *Non-Linear Trading Co. v Braddis Assoc.,* 243 AD2d 107, 118 [1998]; cf. *Sabo v Delman,* 3 NY2d 155, 162 [1957]).

The plaintiff's remaining contentions are without merit. Adams, J.P., S. Miller, Ritter and Fisher, JJ., concur.