■ BOARD OF MANAGERS OF 136 ST. MARKS PLACE CONDOMINIUM, Respondent, v ST. MARKS PLACE CONDOMINIUMS, II, LLC, et al., Defendants, and BUILDERS BANK, Appellant. [11 NYS3d 175]—

In an action, inter alia, to recover damages for negligent construction and for declaratory relief, the defendant Builders Bank appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated March 5, 2014, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the seventh and eighth causes of action.

Ordered that the order is affirmed, with costs.

The plaintiff is the board of managers of a condominium building in Brooklyn. At some point between 2008 and 2010, during the construction process to convert the building into condominium use, the sponsor defaulted on the loans which it had secured for that purpose from the defendant Builders Bank (hereinafter the Bank). Pursuant to a default remedy set forth in the loan documents, the sponsor surrendered the building to the Bank. Thereafter, the Bank undertook to finish construction of the units and common areas.

In September 2013, the plaintiff commenced this action against the sponsor, the managing agent of the sponsor, and the Bank. The complaint alleged, inter alia, that the building "suffers substantial construction defects, missing and defective products and materials" and has conditions that "imminently threaten the health and safety of the Units Owners and general public." The complaint contained nine causes of action, but only the seventh and eighth causes of action were asserted against the Bank. The seventh cause of action alleged, inter alia, that the Bank "was careless and negligent in constructing, supervising construction and management of" the building. The eighth cause of action alleged, inter alia, that the Bank was on notice of the building's defective conditions, and that it "began to undertake measures to repair the conditions . . . but failed to complete the repairs." The eighth cause of action sought a declaration that the Bank "is obligated to finish repairing the conditions in the [b]uilding . . . at its sole cost and expense." The Supreme Court denied the Bank's pre-answer motion pursuant to CPLR 3211 (a) (7) to dismiss both of these causes of action. We affirm.

"In determining a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Sierra Holdings, LLC v Phillips, Weiner, Quinn, Artura & Cox*, 112

AD3d 909, 910 [2013], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Benishai v Epstein*, 116 AD3d 726, 727-728 [2014]). Under the circumstances of this case, the allegations in the seventh cause of action, that the Bank failed to exercise reasonable care when it completed construction of the building and, in effect, "launche[d] a force or instrument of harm," which caused damage to the plaintiff, states a viable cause of action sounding in negligence against the Bank (*Landon v Kroll Lab. Specialists, Inc.*, 22 NY3d 1, 6 [2013] [internal quotation marks omitted]; *see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *see also Regatta Condominium Assn. v Village of Mamaroneck*, 303 AD2d 739, 740 [2003]; *Lake Placid Club Attached Lodges v Elizabethtown Bldrs.*, 131 AD2d 159 [1987]). Accordingly, the Supreme Court properly denied that branch of the Bank's motion pursuant to CPLR 3211 (a) (7) which was to dismiss the seventh cause of action.

With respect to the eighth cause of action, "[a] motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration *only the issue of whether a cause of action for declaratory relief is set forth*" (*Staver Co. v Skrobisch*, 144 AD2d 449, 450 [1988] [emphasis added]; *see Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d 1148, 1150 [2011]). "[W]here a cause of action is sufficient to invoke the court's power to 'render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy' (CPLR 3001; *see* CPLR 3017 [b]), a motion to dismiss that cause of action should be denied" (*Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d at 1150). Here, contrary to Bank's contention, the allegations in the complaint adequately asserted a cause of action for declaratory relief. Accordingly, the Supreme Court properly denied that branch of the Bank's motion pursuant to CPLR 3211 (a) (7) which was to dismiss the eighth cause of action. Balkin, J.P., Roman, Sgroi and LaSalle, JJ., concur.