■ MERYL ROSENBLUM et al., Respondents, v ISLAND CUSTOM STAIRS, INC., and its Successors and Assigns, et al., Appellants, et al., Defendants. [14 NYS3d 82]—In an action, inter alia, to recover damages for breach of contract, the defendants Island Custom Stairs, Inc., and Christopher L. Brett appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (Winslow, J.), entered October 11, 2013, which, inter alia, denied those branches of their motion which were pursuant to CPLR 3211 (a) (7) to dismiss the second through ninth causes of action insofar as asserted against them and the first cause of action insofar as asserted against the defendant Christopher L. Brett.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendants Island Custom Stairs, Inc., and Christopher L. Brett which were pursuant to CPLR 3211 (a) (7) to dismiss the fourth, sixth, seventh, eighth, and ninth causes of action insofar as asserted against them, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.

In determining a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Board of Mgrs. of 136 St. Marks Place Condominium v St. Marks Place Condominiums, II, LLC*, 128 AD3d 877 [2015]).

Initially, we reject the appellants' contention that the plaintiffs failed to allege facts sufficient to impose individual liability on Christopher L. Brett for the alleged wrongs of the corporate defendant, Island Custom Stairs, Inc. (hereinafter ICS), under the doctrine of piercing the corporate veil (*see Baker, Sanders, Barshay, Grossman, Fass, Muhlstock & Neuworth, LLC v Comprehensive Mental Assessment & Med. Care, P.C.*, 110 AD3d 1022, 1023-1024 [2013]; *cf. Allstate ATM Corp. v E.S.A. Holding Corp.*, 98 AD3d 541, 541-542 [2012]). Inasmuch as the appellants do not otherwise challenge the sufficiency of the allegations regarding the first cause of action, which alleged breach of contract, the Supreme Court properly

denied that branch of their motion which was to dismiss that cause of action insofar as asserted against Brett.

The Supreme Court also properly denied those branches of the appellants' motion which were to dismiss the second, third, and fifth causes of action insofar as asserted against them. The second and third causes of action, which alleged breach of express warranty and breach of implied warranty, respectively, were not duplicative of the breach of contract cause of action (*see 126 Newton St., LLC v Allbrand Commercial Windows & Doors, Inc.*, 121 AD3d 651, 655 [2014]; *Hamlet on Olde Oyster Bay Home Owners Assn., Inc. v Holiday Org., Inc.*, 65 AD3d 1284, 1288 [2009]). Additionally, the complaint adequately stated a cause of action alleging fraud in the inducement, inasmuch as the alleged material misrepresentation was of an "existing fact" (*Orchid Constr. Corp. v Gottbetter*, 89 AD3d 708, 710 [2011]).

The Supreme Court erred, however, in denying those branches of the appellants' motion which were to dismiss the fourth cause of action and the sixth through ninth causes of action insofar as asserted against them. The fourth cause of action sounded in negligence, but the plaintiffs failed to allege that the appellants breached any duty independent of the contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *Staten Is. N.Y. CVS, Inc. v Gordon Retail Dev., LLC*, 57 AD3d 760, 763 [2008]). The sixth cause of action, alleging negligent misrepresentation, fails because of the "lack of a special relationship distinct from and independent of the contract" (*Atkins Nutritionals v Ernst & Young*, 301 AD2d 547, 548 [2003]; *see Alamo Contract Bldrs. v CTF Hotel Co.*, 242 AD2d 643, 644 [1997]). The seventh cause of action, which alleged breach of the covenant of good faith and fair dealing, was duplicative of the breach of contract cause of action (*see Clogher v New York Med. Coll.*, 112 AD3d 574, 575 [2013]). The eighth and ninth causes of action, which alleged breach of fiduciary duty and constructive fraud, respectively, should have been dismissed insofar as asserted against the appellants, as the plaintiffs failed to allege the existence of a fiduciary relationship between them and the appellants (*see Levin v Kitsis*, 82 AD3d 1051, 1054 [2011]; *Kallman v Pinecrest Modular Homes, Inc.*, 81 AD3d 692, 694 [2011]).

The appellants' remaining contention is without merit. Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.