Krobath v South Nassau Communities Hosp. (2019 NY Slip Op 08838)





Krobath v South Nassau Communities Hosp.


2019 NY Slip Op 08838


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-02583
 (Index No. 602113/15)

[*1]Eric Krobath, etc., respondent, 
v
South Nassau Communities Hospital, etc., appellant, et al., defendants.


Garfunkel Wild, P.C., Great Neck, NY (Roy W. Breitenbach and Samantha N. Tomey of counsel), for appellant.
Giskan Solotaroff & Anderson LLP, New York, NY (Oren S. Giskan and Aliaksandra Ramanenka of counsel), for respondent.



DECISION & ORDER
In a putative class action, inter alia, to recover damages for violations of General Business Law § 349 and for related declaratory relief, the defendant South Nassau Communities Hospital appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered March 6, 2017. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant South Nassau Communities Hospital which was for summary judgment dismissing the first cause of action insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In 2015, the plaintiff commenced this putative class action challenging the billing practices of South Nassau Communities Hospital (hereinafter the hospital), specifically with respect to self-pay patients who received emergency treatment. The plaintiff asserted causes of action, inter alia, to recover damages for negligent concealment (first cause of action) and violations of General Business Law § 349 (third cause of action), and he also sought a declaratory judgment (fourth cause of action). After joinder of issue, the hospital moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion, and the hospital appeals.
As a threshold matter, while the parties appear to dispute whether the first cause of action should be characterized as one sounding in "negligent concealment" or "negligent misrepresentation," this is a distinction without a difference. The gravamen of the plaintiff's allegations are that the hospital negligently failed to disclose material facts to him concerning the hospital's billing practices. This is a species of negligent misrepresentation based on the omission to disclose material facts (see generally Kimmell v Schaefer, 89 NY2d 257). As a general proposition, "a duty to speak with care exists when the relationship of the parties, arising out of contract or otherwise, [is] such that in morals and good conscience the one has the right to rely upon [*2]the other for information" (id. at 263 [internal quotation marks omitted]). Thus, "liability for negligent misrepresentation has been imposed only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified" (id.). Contrary to the plaintiff's contention, the fact that the parties are in a contractual relationship, without more, is insufficient to support the imposition of a duty to speak with care (see e.g. Murphy v Kuhn, 90 NY2d 266; Rosenblum v Island Custom Stairs, Inc., 130 AD3d 803, 804; Atkins Nutritionals v Ernst & Young, 301 AD2d 547, 548-549; WIT Holding Corp. v Klein, 282 AD2d 527, 529).
While it cannot be doubted that the relationship between a physician and a patient is one of confidence and trust regarding matters of medical treatment (see e.g. B.F. v Reproductive Medicine Assoc. of N.Y., LLP, 136 AD3d 73, affd 30 NY3d 608), we decline to hold that such relationship, and any duty to speak with care that may come with it, also extends to matters of billing having nothing to do with the rendition of medical treatment. The plaintiff's allegations with respect to the hospital's billing practices can adequately be resolved by reference to the basic principles of contract and statutory law that undergird the third and fourth causes of action, without the need to superimpose an independent tort duty on the hospital. Therefore, we find that the hospital established, prima facie, the absence of a special relationship with the plaintiff with respect to its billing practices, and the plaintiff, in opposition, failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the hospital's motion which was for summary judgment dismissing the first cause of action, alleging negligent concealment, insofar as asserted against it.
The plaintiff's third cause of action alleges violations of General Business Law § 349, which "declares unlawful all [d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state'" (North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d 5, 11, quoting General Business Law § 349[a]). " Section 349 governs consumer-oriented conduct and, on its face, applies to virtually all economic activity'" (North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d at 11, quoting Small v Lorillard Tobacco Co., 94 NY2d 43, 55). "A plaintiff under section 349 must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act" (Stutman v Chemical Bank, 95 NY2d 24, 29). "[R]eliance is not an element of a section 349" cause of action, and the plaintiff's injury need not be pecuniary (id. at 29).
Here, we agree with the Supreme Court's determination that the hospital was not entitled to summary judgment dismissing the General Business Law § 349 cause of action insofar as asserted against it. First, contrary to the hospital's contention, it was engaged in consumer-oriented activity (see General Business Law § 349[a]; Karlin v IVF Am., 93 NY2d 282, 291; North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d at 11). Second, it is possible to engage in deceptive trade practices through omissions as well as affirmative representations (see Stutman v Chemical Bank, 95 NY2d at 29), particularly where, as here, it is alleged that "the business alone possesses material information that is relevant to the consumer and fails to provide this information" (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 26). Third, contrary to the hospital's contention, there is a triable issue of fact as to whether the plaintiff suffered an injury under General Business Law § 349 (see Stutman v Chemical Bank, 95 NY2d at 29).
The fourth cause of action seeks a declaration regarding the interpretation of the form contract the plaintiff was asked to sign upon his admission to the hospital's emergency room. In moving for summary judgment dismissing that cause of action, the hospital failed to establish the absence of a justiciable controversy (see Prashker v United States Guar. Co., 1 NY2d 584, 592).
The hospital's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination denying those branches of the hospital's motion which were for summary judgment dismissing the third and fourth [*3]causes of action insofar as asserted against it, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court