■ LOUIS RONEY, Respondent, v LEONORE JANIS, Appellant.—Order, Supreme Court, New York County, entered January 25, 1980, denying defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law, and the motion to dismiss the complaint is granted, together with costs. Plaintiff and defendant initially met in 1976 and were married in Virginia on December 18, 1978. This was the fourth marriage for the plaintiff and the third for the defendant. Two

days before the marriage, plaintiff signed an antenuptial agreement at the request of the defendant in which he renounced any rights to her property. After the marriage, the parties retained their own apartments. Neither was furnished a key to the other's premises. They did not live openly as husband and wife but they did have sexual relations with each other as they had before the marriage. Within one week after the marriage ceremony, the parties discussed divorce and agreed to exchange special powers of attorney authorizing an attorney of the Dominican Republic to enter an appearance to obtain a divorce. Fifteen days after the marriage ceremony defendant wrote to plaintiff stating in the last paragraph of her letter, in pertinent part: "The power of attorney you requested is yours. Send me the papers. There is no point in continuing this charade. Myra will understand and Bill will understand. If it makes you feel better, tell him terrible things about me. Someday, I will try to understand what possessed me to think that this thing could ever work." Shortly thereafter, plaintiff responded with a draft agreement with the request the defendant have her lawyer draw it up in "legalese". The substance of the agreement was that if either party wished to dissolve the marriage, the other must accede, subject to a 30-day "cooling off period" at the request of the party upon whom the request was made. In the absence of an agreement to continue, the party seeking the divorce was to receive from the other a proper power of attorney to obtain a divorce on a no-fault, no property settlement basis wherever the other party sought a divorce. In the summer of 1979 both parties had exchanged powers of attorney. The defendant obtained a Dominican divorce on August 6, 1979. Shortly thereafter, the attorneys for the respective parties met at the request of plaintiff's attorney who demanded a substantial cash settlement for plaintiff's alleged claim against defendant. No offer was made and the present action was begun on October 24, 1979, seeking compensatory damages in the sum of $500,000 for fraud and deceit, and an additional $500,000 in punitive damages for defendant's willful acts. Defendant's motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) on the ground that the complaint fails to state a cause of action by virtue of article 8 of the Civil Rights Law, was denied upon the ground that section 80-a of the Civil Rights Law barring causes of action for alienation of affections and breach of a contract to marry, does not bar a cause of action in fraud for damages that flow from injuries sustained during the marriage itself. Special Term held that a cause of action was stated based upon the alleged fraudulent marriage. We disagree. On appeal, plaintiff claims that when the parties agreed to marry and publicly hold themselves out as husband and wife while maintaining both their old residences, defendant's promises were false. He relies upon the fact that immediately after the marriage ceremony defendant refused publicly to acknowledge the marriage and continuously postponed the date of formal announcement. Plaintiff contends that had not defendant represented that they would live together openly as husband and wife, plaintiff would not have married her. He claims to have sustained monetary loss consequent upon emotional despair, humiliation and mental anguish which interfered with his singing career, and otherwise injured him. Patently the complaint cannot be sustained on the basis of an alleged breach of contract to marry since that would violate section 80-a of the Civil Rights Law which prohibits such causes of action. It is equally plain that no cause of action for fraud and deceit is stated. A cause of action for fraud and deceit cannot be maintained unless it alleges misrepresentation of a present or pre-existing fact known to be untrue by the party making it with the intent to deceive and for the purpose of inducing the other party to act upon

it causing injury *(Reno v Bull,* 226 NY 546, 550; *Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403, 408; *Jo Ann Homes at Bellmore v Dworetz,* 25 NY2d 112). It cannot be based upon a statement of future intentions, promises or expectations which were speculative or an expression of hope at the time when made, rather than an assumption of fact *(Lanzi v Brooks,* 54 AD2d 1057, affd 43 NY2d 778). As *Lanzi* holds, a complaint based upon a statement of future intentions must allege facts to show that defendant, at the time the promissory representation was made, never intended to honor or act on her statement *(Adams v Clark,* 239 NY 403). Any inference to be drawn from the fact that the expectation did not occur is not sufficient to sustain plaintiff's burden of showing a defendant's false statement of intentions. The alleged misrepresentations relied on are that defendant stated she wanted to live with plaintiff as husband and wife and that the marriage would be made public. These hardly constitute representations of present or pre-existing facts but rather are the usual statements of expectations between two people about to be married. The execution of the antenuptial agreement and the agreement that the parties would maintain separate apartments is plain evidence that there was no fraud. No basis is shown for finding that defendant intended prior to the marriage that they would continue after the marriage always to live separate and apart and would keep their marriage a secret. Obviously there would be no point to such a representation in the face of the antenuptial agreement. It is plain that there was merely a change of heart shortly after the wedding. This is plainly evidenced by the almost immediate discussions of divorce and the early execution of powers of attorney and other papers allowing either party to obtain a divorce against the other. No cause of action for fraud and deceit may be grounded upon these facts. Concur—Fein, J. P., Sullivan, Ross, Silverman and Lynch, JJ.