■ AFA PROTECTIVE SYSTEMS, INC., Respondent, v AMERICAN TELEPHONE AND TELEGRAPH COMPANY, INC., et al., Appellants. — Order, Supreme Court, New York County (Price, J.), entered on September 22, 1981, affirmed. Respondent shall recover of appellants $75 costs and disbursements of this appeal. Concur — Sandler, Carro and Markewich, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would reverse and grant the defendants' motion for summary judgment. The plaintiff has been leasing metallic circuits from the defendants for over 100 years. The plaintiff is a central station alarm company. The circuits enable the plaintiff to link its central stations with equipment on its customers' premises so that when potential harm, such as fire, burglary and vandalism, is detected at the customer's location, a signal goes to the central station where protective action

can be set in motion. It is contended, in four causes of action, that the defendants recklessly (Cause Nos. 1 and 3) and negligently (Cause Nos. 2 and 4) misrepresented, over a period of time, that, in the future, it would no longer provide metallic circuits, which circuits use DC voltage, and there would be a switch to carrier systems, which use AC voltage. The latter were incompatible with the plaintiff's equipment. Accordingly, in reliance on the alleged misrepresentations, the plaintiff expended substantial sums in developing a system it called Centrak and attempted to merchandise this system with other companies in a similar business (plaintiff's customers were in New York, New Jersey, Massachusetts and Pennsylvania), without too much success. There is no doubt that the defendants had, from time to time, indicated, sometimes forcefully, that there would be technological changes along the lines alleged by the plaintiff. Nonetheless, I see no basis for the causes of action alleged in the complaint. The defendants voiced their opinions. Moreover, they may very well have had a duty to point out the possibility of improvements in the state of the art, in order to void "future shock," and the plaintiff, in support of its own business needs for research and development and to avoid being caught short, prepared for the possible future. The fact that the defendants indicated that costs would rise if the old system, with circuits, were to continue, was not for its *in terrorem* effect but merely an expression of opinion as to the facts of future life. Moreover, the plaintiff, experienced in the field, was fully aware that the defendants were subject to regulation by the Federal Communications Commission (US Code, tit 47, §§ 201-224) and, in New York State, by the Public Service Commission (Public Service Law, art 5, §§ 90-101), which public bodies would be involved in any change in the tariff. The plaintiff, along with other similar organizations, participated, by lobbying, against changes. The fact that indicated expectations did not materialize does not, in and of itself, sustain the plaintiff's contention that the defendants were reckless or negligent. (See *Roney v Janis,* 77 AD2d 555, 557, affd 53 NY2d 1025; *Lanzi v Brooks,* 54 AD2d 1057, affd 43 NY2d 778.)