Maestro RAFFAELE, South Moda, Weber Moda, Paradise Moda, Terry Moda, and Pizzi Pazzi, Plaintiffs,

v.

DESIGNERS BREAK, INC., d/b/a Chalvar, Defendant.

No. 90 Civ. 1916 (RLC).

United States District Court, S.D. New York.

Sept. 27, 1990.

Bodian & James, New York City (Robert I. Bodian, Neal A. Deyoung, of counsel), for plaintiffs.

Robert S. Michaels, New York City (Robert S. Michaels, of counsel), for defendant.

ROBERT L. CARTER, District Judge.

Plaintiffs Maestro Raffaele, South Moda, Weber Moda, Paradise Moda, Terry Moda and Pizzi Pazzi, clothing manufacturers whose principal places of business are located in Italy, bring this diversity action against defendant Designers Break, Inc., d/b/a Chalvar ("Designers Break"), a New York corporation that imports and wholesales clothing, to collect payment for goods allegedly ordered, delivered and accepted in 1987. Plaintiffs' claims are based on

breach of contract, accounts stated and unjust enrichment.

Designers Break asserts as an affirmative defense that the goods manufactured by plaintiffs were nonconforming in various ways, and also raises five counterclaims. First, Designers Break seeks $74,000 for damages that it allegedly sustained because of the purportedly nonconforming nature of certain of the merchandise. Second, it seeks $50,000 for damages allegedly caused by one plaintiff's breach of an exclusive manufacturing agreement.

As its third counterclaim, Designers Break asserts that in the fall of 1987, the plaintiffs devised a scheme to defraud Designers Break of its business and/or property, and that they made use of the mails and wires to execute this scheme, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. Plaintiffs allegedly mailed sample garments to Designers Break in order to induce it to place orders for merchandise with them, and subsequently confirmed the orders that Designers Break had placed—all with the intention of not filling those orders. They also allegedly made use of wire communications, including telephone calls, to execute their scheme to defraud Designers Break. In addition, plaintiffs—through meetings, telephone communications, and written correspondence—allegedly offered to sell the same merchandise at lower prices to Designers Break's competitors, with the objective of harming Designers Break's business relations with its customers.

As its fourth counterclaim, Designers Break alleges common law fraud, relying largely on the same factual allegations as those contained in its third counterclaim. Finally, Designers Break interposes a fifth counterclaim, which appears to be based on conspiracy to commit fraud in violation of the federal mail and wire fraud statutes, 18 U.S.C. §§ 1341, 1343.

Plaintiffs move to dismiss the third, fourth and fifth counterclaims pursuant to Rule 9(b), F.R.Civ.P., for failure to plead fraud with sufficient particularity, and Rule 12(b)(6), F.R.Civ.P., for failure to state a claim upon which relief can be granted, and seek sanctions against defendant and its counsel pursuant to Rule 11, F.R.Civ.P.

■ As an initial matter, the court notes that defendant has submitted an opposing memorandum of law as well as three affidavits, all four documents of which contain new factual allegations and which have been neither attached as exhibits to defendant's pleading nor incorporated by reference. Since on this motion the court may consider only the facts alleged on the face of the pleading, *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir.1989), the additional factual allegations contained in defendant's memorandum of law and affidavits will be disregarded.

I.

A.

■ In order to state a viable claim under RICO, Designers Break must allege the commission of two or more "predicate" acts, 18 U.S.C. § 1961(1), constituting a "pattern of racketeering activity." 18 U.S.C. §§ 1961(5), 1962, 1964(c). Designers Break's allegations of multiple violations of the mail and wire fraud statutes, 18 U.S.C. §§ 1341, 1343, meet the first prong of this threshold requirement.[1] However, in its pleading, Designers Break does not even specifically contend that these violations constituted a "pattern of racketeering activity."[2] Its RICO counterclaim must

---

1. These allegations of mail and wire fraud, however, do not meet Rule 9(b)'s requirement of particularity. *See Philan Ins. Ltd. v. Frank B. Hall & Co.*, 712 F.Supp. 339, 342 (S.D.N.Y.1989) (Walker, J.). They do not indicate which of plaintiffs' mailings and wire communications were in furtherance of a fraudulent scheme. In addition, Designers Break contends only that plaintiffs *devised* their scheme in fall, 1987; it does not state the time period during which their scheme was purportedly executed. Plaintiffs are entitled to better notice of their alleged wrongdoing.

2. This deficiency cannot be remedied simply by inserting a boilerplate allegation that plaintiffs' acts constituted a "pattern of a racketeering activity." To satisfy the "pattern of racketeering activity" requirement, Designers Break must provide *factual* allegations showing "that the

therefore be dismissed for failure to state a claim upon which relief can be granted.

### B.

"Under New York law, a cause of action for fraud must allege misrepresentation of an existing material fact, known to be untrue by the offending party, and made with intent to deceive and for the purpose of inducing the other party to act upon it." *Hutton v. Klabal,* 726 F.Supp. 67, 70 (S.D. N.Y.1989) (Broderick, J.) (citing *Roney v. Janis,* 77 A.D.2d 555, 430 N.Y.S.2d 333, 335 (1st Dep't 1980), *aff'd,* 53 N.Y.2d 1025, 442 N.Y.S.2d 484, 425 N.E.2d 872 (1981).

■ Designers Break's counterclaim for common law fraud fails to allege plaintiffs' fraudulent intent with the particularity required by Rule 9(b). Although Rule 9(b) allows intent to be averred generally, Designers Break must nonetheless set forth some factual basis for its conclusory allegations of plaintiffs' fraudulent intent. *Ouaknine v. MacFarlane,* 897 F.2d 75, 81 (2d Cir.1990); *Beck v. Manufacturers Hanover Trust Co.,* 820 F.2d 46, 50 (2d Cir. 1987), *cert. denied,* 484 U.S. 1005, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988). These factual allegations must give rise to a "strong inference" of scienter, such as by showing a motive for committing fraud or by "identifying circumstances indicating conscious behavior by the [accused party]." *Beck, supra,* 820 F.2d at 50. *See, e.g., Cosmas, supra,* 886 F.2d at 13; *Beck, supra,* 820 F.2d at 50; *Hotel Constructors, Inc. v. Seagrave Corp.,* 574 F.Supp. 384, 388 (S.D. N.Y.1983) (Carter, J.)

Reading Designers Break's pleading generously and drawing all inferences in its favor, as the court must on a motion to dismiss, *Cosmas, supra,* 886 F.2d at 11, the court can find no factual allegations from which a "strong inference" of fraudulent intent can be drawn. Designers Break's allegations that plaintiffs met with each other in fall, 1987, and that they offered to sell their merchandise to Designers Break's competitors at lower prices simply do not demonstrate that plaintiffs never intended to honor Designers Break's alleged orders. At best, Designers Break's allegations may amount to a breach of contract claim, and "[a] purely conclusory allegation that defendants never intended to perform, standing alone, [can] not convert a claim for breach of contract into one for fraudulent inducement to contract." *Hotel Constructors, supra,* 574 F.Supp. at 388. *See Creed Taylor, Inc. v. CBS,* 718 F.Supp. 1171, 1179 (S.D.N.Y.1989) (Carter, J.); *Soper v. Simmons International, Ltd.,* 632 F.Supp. 244, 250 (S.D.N.Y.1986) (Sand, J.). Accordingly, Designers Break's fourth counterclaim is dismissed for failure to comply with Rule 9(b).

### C.

■ Designers Break's fifth counterclaim charges plaintiffs with conspiracy to commit fraud, referring to the same alleged scheme as that referred to in its third and fourth counterclaims. However, Designers Break appears to base its conspiracy cause of action on the mail and wire fraud statutes.[3] Because neither of these statutes provides a private right of action, this counterclaim is dismissed for failure to state a claim upon which relief can be granted.

### II.

■ Under Rule 11, "sanctions shall be imposed against an attorney and/or his client when it appears that a pleading has been interposed for any improper purpose, *or where,* after reasonable inquiry, a competent attorney could not form a reason-

---

racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Telephone Co.,* — U.S. ——, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989) (emphasis in original).

**3.** Designers Break alleges that as a result of plaintiffs' conduct, "Defendant became the vic-

tim of an undetermined number of acts of the type of improper activity giving rise to liability under 18 U.S.C. 1341 and 1343, insofar as Plaintiffs utilized such instrumentalities as were intended by those statutes to carry out their conspiracy aimed at defrauding and otherwise harming the Defendant." Answer ¶ 47.

able belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987) (emphasis in original).

First, there is nothing to indicate that Designers Break has interposed its third, fourth and fifth counterclaims for an improper purpose. Second, although the court finds that these counterclaims have been inadequately pleaded, each of these counterclaims is at least potentially viable. Given leave to replead, Designers Break may be able to cure the deficiencies in its pleading. Rule 11 sanctions are therefore inappropriate at this time. *See Official Publications, Inc. v. Kable News Co.*, 884 F.2d 664, 670 (2d Cir.1989).

### III.

In conclusion, defendant's third and fifth counterclaims are dismissed for failure to state a claim upon which relief can be granted, and its fourth counterclaim is dismissed for failure to plead fraud with sufficient particularity. Designers Break is granted leave to replead these counterclaims by October 12, 1990. Plaintiffs' motion for Rule 11 sanctions is denied.

IT IS SO ORDERED.