■ NANCY KING, Appellant, v GEORGE SCHONBERG & COMPANY et al., Defendants, and JOSEPH GAIER, P. C., et al., Respondents. [650 NYS2d 107] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered August 8, 1995, *inter alia*, dismissing plaintiff's complaint as against defendants Joseph Gaier, P. C., Joseph Gaier, Larry Sutton and Steven Gold, and bringing up for review an order, same court and Justice, entered on or about July 21, 1995, which, *inter alia*, granted defendants' motion and cross motion to dismiss for failure to state a cause of action, unanimously affirmed, without costs. The appeal from the order is unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Since the complaint was devoid of any factual allegation

with respect to plaintiff's reliance, or the nature of her damages and how they were caused by her brother's alleged misrepresentation, the allegations of fraud are insufficient to support the cause of action for aiding and abetting fraud. Moreover, in the absence of a confidential or fiduciary relationship between plaintiff and her brother's attorneys giving rise to a duty of disclosure, the silence of the attorneys did not amount to the substantial assistance that is a required element of aider or abettor liability (*see, National Westminster Bank v Weksel*, 124 AD2d 144, 148-149, *lv denied* 70 NY2d 604). Leave to replead this cause of action was properly denied for failure to submit the proposed pleading or set forth its merit.

The malpractice claim was likewise deficient since there was no attorney-client relationship between plaintiff and defendant attorneys (*see, Weiss v Manfredi*, 83 NY2d 974, 977). Nor, in light of the dismissal of the aiding and abetting fraud claim, did the attorneys' conduct fall within any exception to the privity requirement (*see, Green v Fischbein, Olivieri, Rozenholc & Badillo*, 135 AD2d 415, 417-418). Concur—Sullivan, J. P., Rosenberger, Rubin, Kupferman and Williams, JJ.