■ NORTH SIDE SAVINGS BANK, Respondent, v TOWN OF HEMPSTEAD, Appellant. (And a Third-Party Action.) [653 NYS2d 649] —In an action to recover damages for wrongful payment of condemnation proceeding proceeds, the defendant, Town of Hempstead, appeals from an order of the Supreme Court, Nassau County (Roberto, J.), entered December 18, 1995, which granted the plaintiff's motion for summary judgment and denied the cross motion by the Town of Hempstead for summary judgment.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment is denied, the cross motion by the Town of Hempstead for summary judgment is granted, and the complaint is dismissed; and it is further,

Ordered that on the Court's own motion, the attorneys for the appellant and the respondent are directed to show cause, in the form of their respective affirmations, which are to be submitted to the Clerk of this Court on or before March 15, 1997, why an order should not be made and entered imposing such sanctions as the Court may deem appropriate.

This action arises out of a condemnation proceeding by the defendant Town of Hempstead (hereinafter the Town) to acquire property owned by the third-party defendant Lion Equities. In connection with the proceedings, the Town posted

notices and, in addition, published several newspaper notifications of its intent to acquire the property and, later, of its acquisition of the property. However, the Town never notified the plaintiff-mortgagee North Side Savings Bank (hereinafter the Bank) of its intent to acquire the property or of the eventual acquisition. On November 1, 1988, the Town paid Lion Equities a substantial portion of the condemnation award.

On December 10, 1990, after Lion Equities defaulted on its mortgage, the Bank learned of the condemnation award, and on May 21, 1991, commenced this action against the Town to recover the condemnation proceeds that the Town paid to Lion Equities. The Bank's claim is premised on the Town's failure to notify it of the condemnation proceedings, and the financial loss to the Bank by virtue of that failure.

The Supreme Court granted the Bank's motion for summary judgment, finding that "[a]s a result of the Town's rendering defective notice, North Side Savings Bank's rights were substantially prejudiced * * * In the case at bar, the doctrine of equitable estoppel may be appropriately invoked since the Town of Hempstead improperly lulled the plaintiff Bank into inactivity". We now reverse.

The Bank's cause of action accrued on the date the Town paid Lion Equities, i.e., November 1, 1988, not on the date the Bank learned of the payment *(see, Kitonyi v Albany County,* 128 AD2d 1018; *see also, Pleasant Ridge Townhouses Homeowners' Assn. v T & D Constr. Corp.,* 181 AD2d 871). Accordingly, this action was commenced beyond the limitations period *(see,* General Municipal Law § 50-i). The Bank argues, however, that the Town should be equitably estopped from raising the defense of the Statute of Limitations. We disagree.

Even though the Town was remiss in failing to notify the Bank of the condemnation proceedings, the Town published several public notices and posted additional notices regarding the condemnation proceedings. The Town's failure to notify the Bank was not calculated to lull the bank into inactivity. There was no design on the Town's part to deliberately remain silent, or any possible gain or benefit to it by remaining silent. Thus, equitable estoppel is not appropriate under the circumstances of this case to preclude the Town from asserting a Statute of Limitations defense *(see, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, *cert denied* 488 US 801; *see also, Okie v Village of Hamburg,* 196 AD2d 228). Accordingly, the Town is entitled to summary judgment dismissing the complaint.

This appeal was on the Court's calendar for December 5,

1996, and was submitted to the Court on that date. However, it was not until the attorney for the appellant sent this Court a letter dated January 10, 1997, that this Court learned that the case had been settled on October 31, 1996. Accordingly, the attorneys for the parties are directed to show cause, in the form of their respective affirmations, why this Court should not impose such sanctions as the Court may deem appropriate (see, 22 NYCRR 670.2 [g]). Rosenblatt, J. P., Sullivan, Altman and Goldstein, JJ., concur.