■ In the Matter of B & H CHECK CASHING SERVICE OF BROOKLYN, INC., Appellant, v SUPERINTENDENT OF BANKS OF THE STATE OF NEW YORK, Respondent. [690 NYS2d 225] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about October 19, 1998, which denied petitioner's application to annul respondent's determination denying petitioner's application to relocate its check cashing business, unanimously affirmed, without costs.

Respondent banking agency approved petitioner's August 11, 1997 application to relocate its check cashing business on October 16, 1997, but subsequently rescinded such approval, as violative of Banking Law § 369 (1) and 3 NYCRR 400.15 (a), after learning that it had already granted license, on October 14, 1997, to another check casher to operate within three-tenths of a mile of petitioner's proposed location. Petitioner's principal, for over 20 years, has been in the check cashing business, a relatively small industry, and has been a subscriber to respondent's Weekly Bulletin, a publication that provides public notice of all applications received by respondent, since at least 1995. There is no indication that petitioner did not receive its copy of the August 1, 1997 Weekly Bulletin announcing respondent's receipt of the competitor's July 14, 1997 application, or the October 17, 1997 Weekly Bulletin announcing the issuance of a license to the competitor to operate at a location just two blocks from petitioner's proposed location. It is therefore clear that petitioner knew, or should have known, that respondent's approval of its application was an error, and, so informed, should have exercised its option to terminate its lease and thereby avoid the costs it claims to have incurred. The IAS Court correctly held that this is not one of those rare cases for estopping a governmental agency from enforcing its own regulations (see, *Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 130; *Matter of Parkview Assocs. v City of New York*, 71 NY2d 274, 282, cert denied 488 US 801; *North Side Sav. Bank v Town of Hempstead*, 236 AD2d 456). We have considered petitioner's other arguments and find them unavailing. Concur—Sullivan, J. P., Tom, Lerner and Buckley, JJ.