■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellant, v RED APPLE GROUP, INC., et al., Respondents. [710 NYS2d 48] —Order, Supreme Court, New York County (Barry Cozier, J.), entered on or about October 25, 1999, which, in an action arising out of plaintiff insurer's issuance of retroactive property insurance covering a building leased by defendants, insofar as appealed from, granted defendants' motion to dismiss plaintiff's third and fourth causes of action for fraud, unanimously affirmed, without costs.

Plaintiff's third cause of action, denominated "fraud in the

inducement," was properly dismissed on the ground that neither the complaint nor plaintiff's submissions in opposition to the motion set forth the affirmative misrepresentations that supposedly induced plaintiff's issuance of a policy retroactively covering a supermarket that had been damaged in a hurricane. The gist of this cause of action is that defendants' insurance broker advised plaintiff that defendants' lease required it to produce written confirmation of standard fire and property insurance coverage; that plaintiff was left with an "understanding that an issue had arisen" between defendants and their landlord concerning the need for such coverage in connection with defendants' plans to rebuild their supermarket; that plaintiff issued such coverage retroactively as an "accommodation" to the insured and its broker on condition that defendants sign an indemnification agreement (also sued on in the action but not in issue on the appeal); that plaintiff would not have issued such coverage had it been aware of the fact that defendants' landlord had sued them for eviction because of the lack of such coverage and of defendants' intention to use plaintiff's newly issued proof of such coverage as a defense against eviction; and that plaintiff was successfully sued by defendants' landlord for having conspired with defendants to misrepresent to the eviction court that the building had such coverage at the time of the hurricane. Liberally construed, this third cause of action is to the effect that plaintiff was misled by defendants' withholding of information about the existence of the litigation between themselves and their landlord, and, at best, is redundant of the fourth cause of action, denominated "concealment," the operative allegation of which is that defendants "knowingly concealed information they knew was material to the risk."

The IAS Court properly rejected this theory that plaintiff can hold defendants liable in fraud for not having disclosed the existence of the eviction proceeding. Absent a confidential or fiduciary relationship, failure to disclose cannot be the basis of a fraud claim (*see, Auchincloss v Allen*, 211 AD2d 417; *Levine v Yokell*, 245 AD2d 138). In addition, as the IAS Court also held, while plaintiff's theory of fraudulent concealment presupposes that it had notice of some manner of the dispute between defendants and their landlord, nowhere in its submissions does it assert that it made any inquiry about the nature or extent thereof. The existence of the litigation that plaintiff alleges defendants should have disclosed was a matter of public record that plaintiff could have discovered by the exercise of ordinary diligence (*see, Auchincloss v Allen, supra*). Concur—Nardelli, J. P., Ellerin, Wallach, Saxe and Buckley, JJ.