■ ALPHA GMBH & Co. SCHIFFSBESITZ KG, Respondent, v BIP INDUSTRIES Co., Appellant. [807 NYS2d 73]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered October 21, 2004, which, in an action on a guaranty, granted plaintiff's motion and denied defendant's cross motion for summary judgment, unanimously affirmed, with costs.

Defendant's failure to plead fraudulent concealment in its answer does not bar that defense, where defendant did not learn

of the defense until some two years after it filed its answer. It could not in any event have moved for leave to amend since for most of the two-year period the action was stayed pending an arbitration between its subsidiary and plaintiff. When it did raise the defense in its cross motion for summary judgment shortly after the arbitration stay was lifted, plaintiff did not claim surprise or prejudice, and indeed opposed the defense on the merits (*see Rogoff v San Juan Racing Assn.*, 54 NY2d 883 [1981]). Nor is the defense barred by the decision in the arbitration, which had nothing to do with whether plaintiff fraudulently induced defendant to guarantee its subsidiary's obligations. However, assuming, without deciding, that the defense is not barred by the terms of the guaranty, we find it fails on the merits. The parties, businesses on opposite sides of a transaction, and each represented by counsel, were not in a confidential or fiduciary relationship, and the allegedly concealed information, plaintiff's insolvency and dissolution, were matters of public record that defendant could have discovered by the exercise of ordinary diligence (*see National Union Fire Ins. Co. v Red Apple Group*, 273 AD2d 140, 141 [2000]; *Aaron Ferer & Sons Ltd. v Chase Manhattan Bank, N.A.*, 731 F2d 112, 123 [2d Cir 1984]; *WestRM-West Risk Mkts., Ltd. v Lumbermens Mut. Cas. Co.*, 314 F Supp 2d 229, 239 [SD NY 2004]). In dismissing the defense, the motion court did not improperly decide an issue of fact against defendant, but merely applied law concerning fraudulent concealment and public records. Concur—Buckley, P.J., Friedman, Marlow, Sullivan and Malone, JJ.