■ CHURCHILL FINANCIAL CAYMAN, LTD., Appellant, v BNP PARIBAS, Respondent. [944 NYS2d 116]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered December 2, 2010, which granted defendant's motion to dismiss the amended complaint's first cause of action, unanimously affirmed, with costs.

The motion court correctly held that defendant had no duty to speak regarding the class action. "[A]bsent a fiduciary duty or some other independent duty owed by [defendant alleged aider and abettor] to the plaintiff[ ]," there is no duty to disclose, and, thus, defendant's silence does not constitute the requisite "substantial assistance" to sustain a claim for aiding and abetting fraud (*see Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co.*, 64 AD3d 472, 476 [2009], *lv denied* 13 NY3d 709 [2009]; *see also King v Schonberg & Co.*, 233 AD2d 242, 243 [1996]). Contrary to plaintiff's contention, the documentary evidence proffered by defendant demonstrated that defendant was silent in response to plaintiff's question regarding outstanding legal matters, and thus had no duty to address the class action.

In any event, even assuming defendant had a duty to address the class action, plaintiff could not have justifiably relied on defendant's silence. The existence and particulars of that lawsuit were matters of public record which plaintiff could have discovered using ordinary diligence (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v Red Apple Group*, 273 AD2d 140, 141 [2000]). Moreover, the principle that parties, who are not in a fiduciary or confidential relationship, and deal with each other at arm's length, cannot justifiably rely on the other side's failure to disclose matters of public record and/or matters discoverable by using ordinary diligence, assumes added significance, where, as here, plaintiff is a sophisticated commercial entity (*see HSH Nordbank AG v UBS AG*, 95 AD3d 185, 195 [2012]; *Alpha GmbH & Co. Schiffsbesitz KG v BIP Indus. Co.*, 25 AD3d 344, 345 [2006], *lv dismissed* 7 NY3d 741 [2006]; *see also Ventur Group, LLC v Finnerty*, 68 AD3d 638, 639 [2009]).

Furthermore, plaintiff was specifically advised in the Confidential Information Memorandum of certain unspecified litigation. Thus, a sophisticated lender, such as plaintiff, had a duty to follow-up and make its own independent analysis regarding the "materiality" of that litigation. Under the circumstances, plaintiff's failure to perform any independent analysis of whether a specifically disclosed risk factor (i.e., litigation) could have a material adverse effect on the borrower's financial condition defeats its assertion of justifiable reliance (*see HSH Nordbank AG*, 95 AD3d 185, 207; *Ventur Group, LLC*, 68 AD3d at 639).

Moreover, plaintiff could not justifiably rely on defendant's lack of specific response to its general question regarding "any outstanding legal, tax, related matters," as meaning that previously disclosed, but unspecified, litigations were not material. Here again, plaintiff had a duty to conduct, at a minimum, a basic independent investigation and assessment of the borrower's litigation risk and exposure, and not to blindly rely on the inference it allegedly drew from defendant's silence (*see Permasteelisa, S.p.A. v Lincolnshire Mgt., Inc.*, 16 AD3d 352 [2005]).

We have reviewed plaintiff's remaining contentions, and find them unavailing. Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Abdus-Salaam, JJ.