Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about April 8, 2011, which, to the extent appealed from as limited by the briefs, denied the motion by defendants Oscar Porcelli and 2318, LLC to dismiss the fraud and aiding and abetting fraud causes of action as against them pursuant to CPLR 3211 (a) (1) and (7), unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment in favor of Porcelli and 2318, LLC dismissing the complaint as against them.
Plaintiff’s claims are based on allegations that defendants misrepresented the net profits as well as the expenses and revenues of a business that was the subject of the parties’ asset purchase and sale agreement. The motion should have been granted because the agreement provided that plaintiff was not *553 relying on any representations outside of the agreement “as to the past, present or prospective income or profits of’ the business. The specificity of the disclaimer destroys the allegation that plaintiff entered into the agreement in reliance on defendants’ contrary representations (see Danann Realty Corp. v Harris, 5 NY2d 317, 320-321 [1959]). The “exclusive knowledge” exception to the Danann rule articulated by this Court in Steinhardt Group v Citicorp (272 AD2d 255 [1st Dept 2000]) does not apply under the facts of this case, where plaintiff chose to enter into the transaction despite its own knowledge of the purported inaccuracy of information provided by defendants. Accordingly, the record demonstrates that plaintiff could not have justifiably relied on the list of expenses or general ledger provided by defendants (see Churchill Fin. Cayman, Ltd. v BNP Paribas, 95 AD3d 614 [1st Dept 2012]). Concur — Tom, J.P., Andrias, Renwick, DeGrasse and Richter, JJ.