In the Matter of Incorporated Village of Westbury, Respondent, v IACO Realty, Inc., et al., Respondents. First Union National Bank, Custodian for MDSASS, Nonparty Appellant. [16 NYS3d 290]—

In a condemnation proceeding pursuant to EDPL 402, nonparty First Union National Bank, Custodian for MDSASS, appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered October 10, 2013, which denied its motion to enforce its equitable lien against the Incorporated Village of Westbury and to hold the Village jointly and severally liable for damages for the wrongful payment of condemnation proceeds.

Ordered that the order is affirmed, with costs.

In April 2007, the Incorporated Village of Westbury commenced this proceeding to condemn property located in Westbury (hereinafter the subject property). The Village served notice of the condemnation proceeding pursuant to EDPL 402 (B) (2) upon interested parties, including Wachovia Bank, on behalf of the appellant, nonparty First Union National Bank, Custodian for MDSASS. MDSASS was a holder of certain tax liens encumbering the subject property. By order dated June 5, 2007 (hereinafter the vesting order), the Supreme Court granted the Village's petition and ordered that title to the subject property vest with the Village. The vesting order also provided that any purported owners, lienors, and mortgagees were required to file a written claim before November 30, 2007. The Village also served notice of the vesting order pursuant to EDPL 502 (B) upon all condemnees, including the appellant.

On February 13, 2008, the Nassau County Treasurer's office paid the condemnation award to the condemnees.

On or about October 8, 2010, the appellant allegedly learned for the first time that the subject property had been condemned, and on March 31, 2011, moved to intervene and to vacate the vesting order. The appellant contended, inter alia, that the Village failed to notify it of the condemnation proceedings and, as a result, it did not make a claim for the condemnation proceeds and suffered financial loss. In an order dated August 10, 2012, the Supreme Court granted so much of the appellant's motion which was to intervene, stating that its tax liens had been extinguished and replaced by an equitable lien on the proceeds of the condemnation award, but denied so much of its motion which was to vacate the vesting order. In January 2013, the appellant moved to enforce its equitable lien and to hold the Village jointly and severally liable for the wrongful payment of the condemnation proceeds. In the order appealed from, the Supreme Court denied its motion.

Contrary to the appellant's contentions, the claims in its motion that are premised upon the wrongful payment of the condemnation proceeds sound in tort, and the notice of claim requirements of General Municipal Law § 50-e are applicable (*see North Side Sav. Bank v Town of Hempstead*, 236 AD2d 456 [1997]; *Curtis Case, Inc. v City of Port Jervis*, 150 AD2d 421, 421 [1989]; *Silberstein v County of Westchester*, 92 AD2d 867, 867 [1983], *affd* 62 NY2d 675, 675 [1984]). These claims accrued on the date the condemnation proceeds were paid, February 13, 2008 (*see* General Municipal Law §§ 50-e, 50-i; *Klein v City of Yonkers*, 53 NY2d 1011, 1013 [1981]). As the appellant has never filed a notice of claim pursuant to General Municipal Law § 50-e, its claims for relief in its motion made in January 2013, almost five years after the condemnation award was paid out and distributed, are time-barred (*see* General Municipal Law § 50-i). The appellant also did not demonstrate that the doctrine of equitable estoppel applies so as to preclude the statute of limitations defense, as it did not allege any separate and subsequent act of wrongdoing that prevented it from timely bringing suit (*see Zumpano v Quinn*, 6 NY3d 666, 673-675 [2006]).

The appellant's remaining contentions are without merit. Dillon, J.P., Chambers, Hall and Duffy, JJ., concur.