■ TIMOTHY FULTON, Respondent, v HANKIN & MAZEL, PLLC, Appellant. (And a Third-Party Action.) [18 NYS3d 654]—

In an action, inter alia, to recover damages for fraud and conversion, the defendant appeals from an order of the Supreme Court, Queens County (Lane, J.), dated December 2, 2013 which denied its motion for summary judgment dismissing the first through fourth causes of action.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the first through fourth causes of action is granted.

This action arises out of a transaction regarding the sale of shares of stock in a corporation known as Emjay Environmental Recycling, Ltd. (hereinafter Emjay). In or about June 2003, nonparties John Kelly and Michael Cholowsky became the sole shareholders of Emjay. Pursuant to an agreement of sale dated February 3, 2010, Kelly agreed to sell all of his shares of common stock in Emjay to Cholowsky in exchange for an amount equal to $1,300,000 and the assumption of the outstanding balance of certain debt. Kelly was the sole seller and Cholowsky was the sole buyer, or "purchaser," identified in the agreement of sale. The plaintiff, Timothy Fulton, signed the agreement as a guarantor of certain payment and performance promised by the buyer. The sole defendant in this case, Hankin & Mazel, PLLC (hereinafter the law firm), is the law firm which represented the seller in this sale. In addition to drafting the agreement and attending to its execution, the law firm also signed the agreement as the escrow agent.

The plaintiff maintains that, when he signed the agreement of sale as a guarantor, he had an oral agreement with the buyer that the plaintiff would fund the majority of the purchase price and the plaintiff would later acquire a 45% ownership interest in Emjay. One day after the agreement of sale was executed, the plaintiff wired $200,000 to the law firm, as escrow agent,

as part of the down payment. Subsequently, the plaintiff paid an additional $900,000 towards the purchase price by delivering the money to the law firm.

Notwithstanding the payments that he made pursuant to his alleged oral agreement with the buyer, the plaintiff did not acquire the 45% ownership interest in Emjay. In August 2010, he commenced an action seeking to recover the monies he paid, alleging breach of contract and unjust enrichment. In that prior action, the plaintiff named only the buyer and the seller as defendants; he did not name the law firm as a defendant (see Fulton v Kelly, 2011 NY Slip Op 33284[U], *2 [Sup Ct, Queens County 2011]).

The plaintiff commenced this action against the law firm in April 2011. As pertinent to the instant appeal, the first through fourth causes of action alleged fraud, aiding and abetting fraud, conversion, and unjust enrichment. The plaintiff alleged that the law firm misrepresented that he would acquire an ownership interest in Emjay, colluded with the seller to induce him to transfer more than $1,000,000 to the law firm as the escrow agent, and transferred those funds to the seller despite the fact that no ownership interest in Emjay was ever transferred to the plaintiff.

The law firm moved for summary judgment dismissing the first through fourth causes of action. The Supreme Court denied the motion, concluding that there were triable issues of fact as to whether the law firm "unlawfully retained or distributed" the plaintiff's funds. The law firm appeals, and we reverse.

The Supreme Court should have granted that branch of the law firm's motion which was for summary judgment dismissing the cause of action alleging fraud. A cause of action alleging fraud must be pleaded with specificity (see CPLR 3016 [b]; Dumas v Fiorito, 13 AD3d 332, 333 [2004]). To establish a cause of action to recover damages for fraud, the plaintiff must demonstrate that "(1) the defendant made a false representation of fact, (2) the defendant had knowledge of the falsity, (3) the misrepresentation was made in order to induce the plaintiff's reliance, (4) there was justifiable reliance on the part of the plaintiff, and (5) the plaintiff was injured by the reliance" (Pace v Raisman & Assoc., Esqs., LLP, 95 AD3d 1185, 1188-1189 [2012]; see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]).

Here, the plaintiff essentially alleged that the law firm committed fraud by falsely representing that, if he made payments toward the purchase price, he would "be an investor/purchaser

of a portion" of the seller's shares in Emjay, and the law firm would work together with the buyer and seller to "get the transaction completed." However, the plaintiff failed to set forth allegations with the particularity required by CPLR 3016 (b), let alone establish, with admissible evidence, what specifically the law firm represented as to how or when the plaintiff would acquire any of the seller's shares in Emjay (*see generally Scott v Fields*, 92 AD3d 666, 668 [2012]). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging fraud (*see Brualdi v IBERIA, Lineas Aereas de España, S.A.*, 79 AD3d 959, 961 [2010]; *Moormann v Perini & Hoerger*, 65 AD3d 1106, 1108 [2009]; *Dumas v Fiorito*, 13 AD3d at 333).

Moreover, even if the cause of action alleging fraud had satisfied the pleading requirements of CPLR 3016 (b), the law firm established, prima facie, that it was retained by the seller to sell his shares in Emjay solely to the buyer. Although the law firm's submissions demonstrate that the plaintiff spoke with the buyer and believed that he and the buyer would co-own Emjay, there is no dispute that the plaintiff signed the agreement of sale as a guarantor rather than as a buyer or purchaser. "A party is under an obligation to read a document before he or she signs it, and a party cannot generally avoid the effect of a [document] on the ground that he or she did not read it or know its contents" (*Martino v Kaschak*, 208 AD2d 698, 698 [1994]; *see Cash v Titan Fin. Servs., Inc.*, 58 AD3d 785, 788 [2009]). Under these circumstances, the law firm demonstrated that the plaintiff could not have justifiably relied on any alleged false representation that it made regarding the unambiguous terms of the agreement (*see Grand Pac. Fin. Corp. v 97-111 Hale, LLC*, 123 AD3d 764, 768 [2014]; *cf. Churchill Fin. Cayman, Ltd. v BNP Paribas*, 95 AD3d 614, 614 [2012]). To the extent that the plaintiff alleged that the law firm falsely represented that he would become an owner of Emjay by virtue of some event separate and apart from the agreement of sale, such representation related to the buyer's future intent, and did not constitute a misrepresentation of existing fact made to induce the plaintiff to take action (*see Satler v Merlis*, 252 AD2d 551, 552 [1998]; *Roney v Janis*, 77 AD2d 555, 556 [1980], *affd* 53 NY2d 1025 [1981]). In sum, the defendant law firm's submissions demonstrated that, if anyone intentionally made a false representation of fact to the plaintiff regarding the sale of Emjay, it was not the law firm. In opposition, the plaintiff failed to raise a triable issue of fact.

With respect to the cause of action to recover damages for

aiding and abetting fraud, the law firm established, prima facie, that even if some underlying fraud was perpetrated by an actor other than the law firm, the law firm did not render any substantial assistance in connection with the alleged fraud (*see generally Nabatkhorian v Nabatkhorian*, 127 AD3d 1043, 1043 [2015]; *CRT Invs., Ltd. v BDO Seidman, LLP*, 85 AD3d 470, 472 [2011]; *cf. Weinberg v Mendelow*, 113 AD3d 485, 487-488 [2014]; *Agostini v Sobol*, 304 AD2d 395, 396 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact.

Further, contrary to the Supreme Court's determination, the law firm demonstrated its prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for conversion. The evidence submitted by the law firm established, prima facie, that it transferred the monies to the seller pursuant to the agreement of sale and the plaintiff did not have a "possessory right or interest in" the allegedly converted funds (*Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 50 [2006]; *see R.U.M.C. Realty Corp. v JCF Assoc., LLC*, 51 AD3d 993, 995 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact.

Finally, the law firm established its prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for unjust enrichment. In support of its motion, the law firm submitted evidence demonstrating that it did not retain the plaintiff's money and that, instead, the money was transferred to the seller pursuant to the escrow provisions in the agreement of sale (*see Comprehensive Mental Assessment & Med. Care, P.C. v Gusrae Kaplan Nusbaum, PLLC*, 130 AD3d 670 [2015]; *Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC*, 31 AD3d 983 [2006]; *Citibank, N.A. v Walker*, 12 AD3d 480, 481 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the law firm's motion for summary judgment dismissing the first through fourth causes of action. Dillon, J.P., Miller, Maltese and LaSalle, JJ., concur.