██ THEAPRIN PHARMACEUTICALS, INC., et al., Appellants, v JOSEPH D. CONWAY et al., Respondents. [29 NYS3d 401]—

In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Driscoll, J.), entered December 11, 2013, which granted the motion of the defendants Joseph D. Conway and Joseph D. Conway Certified Public Accountant and the separate motion of the defendants Michael Conway and Diana Conway to dismiss the complaint insofar as asserted against them, respectively, pursuant to CPLR 3211 (a).

Ordered that the order is affirmed, with costs.

The Supreme Court correctly held that the plaintiffs' causes of action alleging professional malpractice, negligence, and conversion were untimely brought (*see* CPLR 214 [3], [6]). Contrary to the plaintiffs' contention, the defendants were not equitably estopped from relying on the statute of limitations (*see Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 552-553

[2006]; *Matter of Incorporated Vil. of Westbury v IACO Realty, Inc.*, 131 AD3d 1060, 1061 [2015]; *Attallah v Nassau Univ. Med. Ctr.*, 131 AD3d 609, 610 [2015]).

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must accept the plaintiffs' allegations as true and construe the allegations liberally, giving the plaintiffs the benefit of every possible favorable inference (*see Dee v Rakower*, 112 AD3d 204, 208 [2013]; *East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 125 [2009], *affd* 16 NY3d 775 [2011]). Here, applying that standard, the Supreme Court correctly granted those branches of the motions which were to dismiss the plaintiffs' cause of action alleging breach of contract inasmuch as the complaint contained no allegations of the terms of any purported agreement (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 181-182 [2011]; *Canzona v Atanasio*, 118 AD3d 837, 838-839 [2014]). Vague allegations suggesting that there may have been an agreement do not suffice (*see Canzona v Atanasio*, 118 AD3d at 839).

The plaintiffs' causes of action alleging fraud and breach of fiduciary duty failed to satisfy the particularity requirements of CPLR 3016 (*see* CPLR 3016 [b]; *Fulton v Hankin & Mazel, PLLC*, 132 AD3d 806, 807 [2015]; *Deblinger v Sani-Pine Prods. Co., Inc.*, 107 AD3d 659, 660 [2013]). Specifically, with respect to fraud, the complaint failed to allege facts supporting the allegations that the defendants knowingly misrepresented a material fact for the purpose of inducing reliance, actual justifiable reliance, and damages (*see Fulton v Hankin & Mazel, PLLC*, 132 AD3d at 807-808; *Pace v Raisman & Assoc., Esqs., LLP*, 95 AD3d 1185, 1188-1189 [2012]). With respect to the cause of action alleging breach of fiduciary duty, the plaintiffs failed to make specific factual allegations, with respect to some of the defendants, that would establish that those defendants had a fiduciary obligation running to the plaintiffs (*see Rosenblum v Island Custom Stairs, Inc.*, 130 AD3d 803, 804 [2015]; *Bill Kolb, Jr., Subaru, Inc. v LJ Rabinowitz, CPA*, 117 AD3d 978, 980 [2014]; *Parekh v Cain*, 96 AD3d 812, 816, 817 [2012]). Where the allegations supporting the existence of a fiduciary relationship itself were sufficient, the allegations as to the defendants' breach of it were not (*see Edem v Grandbelle Intl., Inc.*, 118 AD3d 848, 849 [2014]; *Deblinger v Sani-Pine Prods. Co., Inc.*, 107 AD3d at 660-661). The plaintiffs' claims regarding alleged statutory violations are similarly flawed (*see United States Fire Ins. Co. v Raia*, 94 AD3d 749, 751 [2012]).

The Supreme Court also correctly granted those branches of

the motions which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action for an accounting (*see Mawere v Landau*, 130 AD3d 986, 990 [2015]) and for the imposition of a constructive trust (*see Silberstang v Biderman-Gross*, 134 AD3d 693, 694-695 [2015]), and to recover damages for unjust enrichment (*see Citibank, N.A. v Walker*, 12 AD3d 480, 481 [2004]) and conversion (*see Fulton v Hankin & Mazel, PLLC*, 132 AD3d at 809; *Ehrenkranz v 58 MHR, LLC*, 127 AD3d 918, 919 [2015]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination.

In sum, the Supreme Court properly granted the motions pursuant to CPLR 3211 (a) to dismiss the complaint. Dickerson, J.P., Hall, Austin and Sgroi, JJ., concur.