Tall Tower Capital, LLC v Stonepeak Partners LP (2019 NY Slip Op 05491)





Tall Tower Capital, LLC v Stonepeak Partners LP


2019 NY Slip Op 05491


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Gesmer, Kern, JJ.


9834 652447/18

[*1]Tall Tower Capital, LLC, Plaintiff-Respondent,
v
Stonepeak Partners LP, Defendant-Appellant.


Simpson Thacher & Bartlett LLP, New York (Joseph M. McLaughlin of counsel), for appellant.
King & Spalding LLP, New York (Richard T. Marooney of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about November 28, 2018, which granted plaintiff's motion to dismiss defendant's counterclaims for fraudulent misrepresentation, negligent misrepresentation, and violation of Florida's Deceptive and Unfair Trade Practices Act (Fla Stat § 501.201 et seq.), unanimously affirmed, with costs.
Applying New York conflict of laws principles, we find that an "actual conflict" exists between Florida and New York law applicable to the misrepresentation counterclaims (see Matter of Allstate Ins. Co. [Stolarz-New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 223 [1993]; Elmaliach v Bank of China Ltd., 110 AD3d 192, 200-202192 misc2d 7 [1st Dept 2013]). An interest analysis demonstrates that New York has the greater interest in this dispute (Padula v Lilarn Props. Corp., 84 NY2d 519, 521 [1994]). While there are connections to both jurisdictions, the significant contacts with New York outweigh those with Florida (L.K. Sta. Group, LLC v Quantek Media, LLC, 62 AD3d 487, 493 [1st Dept 2009]). Also, the law of the place of the tort applies, which here is New York, where defendant is based and sustained its injury (see SFR Holdings Ltd. v Rice, 132 AD3d 424, 426 [1st Dept 2015], lv dismissed 27 NY3d 977 [2016]; JAO Acquisition Corp. v Stavitsky, 192 Misc 2d 7, 12 [Sup Ct, NY County 2001], affd 293 AD2d 323 [1st Dept 2002]).
Defendant failed to sufficiently allege justifiable or reasonable reliance, since the Florida lawsuit was a matter of public record and could have been verified by defendant through the exercise of ordinary diligence (Churchill Fin. Cayman, Ltd. v BNP Paribas, 95 AD3d 614, 614-615 [1st Dept 2012]; National Union Fire Ins. Co. of Pittsburgh, Pa. v Red Apple Group, 273 AD2d 140, 141 [1st Dept 2000]; see also MP Cool Invs. Ltd. v Forkosh, 142 AD3d 286, 287 [1st Dept 2016], lv denied 28 NY3d 911 [2016]).
Also, as alleged, no special relationship arose between these sophisticated parties engaged in an arm's-length business
transaction (Basis Pac-Rim Opportunity Fund [Master] v TCW Asset Mgt. Co., 124 AD3d 538, 539 [1st Dept 2015]; Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 141 [1st Dept 2014]; MBIA Ins. Corp. v Countrywide Home Loans, Inc., 87 AD3d 287, 296-297 [1st Dept 2011]).
The majority of Florida district court decisions have concluded that only "consumers" have standing to bring a claim under Florida's Deceptive and Unfair Trade Practices Act (FDUTPA)(Gibson v MHHS-Sinsations, LLC, 2018 WL 3625783, *5, 2018 US Dist LEXIS 130401, *11 [MD Fla, June 21, 2018]; see Gibson v Paradise Lakes, LLC, 2017 WL 3421532, *4, 2017 US Dist LEXIS *12 [MD Fla, Aug 9, 2017]; Carroll v Lowes Home Ctrs., Inc., 2014 WL 1928669, *3, 2014 US Dist LEXIS 68525, *3 [SD Fla, May 6, 2014]). The allegations demonstrate that defendant was not acting as a consumer of plaintiff's goods or services.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK