Sampson v Roberts (2023 NY Slip Op 00289)

Sampson v Roberts

2023 NY Slip Op 00289

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kapnick, J.P., González, Mendez, Shulman, Higgitt, JJ. 

Index No. 26025/19E Appeal No. 17165 Case No. 2021-03403 

[*1]Ismay Sampson et al., Plaintiffs-Appellants,
v
Kadian Roberts et al., Defendants-Respondents, MLD Mortgage, Doing Business as The Money Store, Intervenor-Defendant-Respondent.

H. Fitzmore Harris P.C., Bronx (Fitzmore H. Harris of counsel), for appellants.
The Law Offices of Robert W. Dapelo, PC, Patchogue (Robert W. Dapelo of counsel), for Kadian Roberts and Marvin Lewis, respondents.
FisherBroyles LLP, New York (Mukti N. Patel of counsel), for MLD Mortgage, respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about July 19, 2021, which, to the extent appealed from as limited by the briefs, granted defendants Kadian Roberts and Marvin Lewis's motion to dismiss the complaint and vacate the lis pendens and all temporary orders in this action, and denied plaintiffs' cross motion to hold defendants in civil and criminal contempt, unanimously affirmed, with costs.
Defendants' motion to dismiss the complaint did not violate the single motion rule or the law of the case doctrine, as defendant Roberts's prior pro se motion to dismiss was not argued on the merits and was denied without prejudice to renew (see CPLR 3211[e]; Rivera v Board of Educ. of the City of N.Y., 82 AD3d 614, 614 [1st Dept 2011]). Nor did the grant of plaintiffs' motion for a preliminary injunction trigger the law of the case doctrine (see Huguenot LLC v Megalith Capital Group Fund I, LP, 191 AD3d 530 [1st Dept 2021]; London Paint & Wallpaper Co., Inc. v Kesselman, 158 AD3d 423, 423 [1st Dept 2018]).
Plaintiffs' allegations that a mutual friend introduced them to Lewis in April 2014 and to Roberts in February 2015, without more, were insufficient to establish a confidential relationship between the parties (see Byrd v Brown, 208 AD2d 582, 583 [2d Dept 1994]; cf. Thomas v Thomas, 70 AD3d 588, 591 [1st Dept 2010] [finding a confidential relationship where the plaintiff's affidavit established that "shortly before the transaction at issue, the parties were coventurers in a quasi-banking enterprise"]). The lack of any confidential or fiduciary relationship is fatal to plaintiffs' fraudulent concealment claims (see National Union Fire Ins. Co. of Pittsburgh, Pa. v Red Apple Group, 273 AD2d 140, 141 [1st Dept 2000]). Furthermore, plaintiffs' own allegations that they lived rent free for three years in a home that would have otherwise been foreclosed upon precludes a finding of injury necessary to their claims of fraudulent inducement (see Genger v Genger, 144 AD3d 581, 582 [1st Dept 2016]), breach of the duty of good faith and fair dealing (see Canstar v Jones Constr. Co., 212 AD2d 452, 453 [1st Dept 1995]), and unjust enrichment (see Georgia Malone & Co., Inc. v Ralph Rieder, 86 AD3d 406, 408 [1st Dept 2011], affd 19 NY3d 511 [2012]). Because plaintiffs alleged that they conveyed their property to defendants by way of a short sale to evade foreclosure but intended to retake possession by reverse mortgage after their debt had been extinguished, the motion to dismiss was correctly granted as a matter of public policy (see Flores v Guambana, 162 AD3d 983, 984 [2d Dept 2018]).
We have considered plaintiffs' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023